IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
)
vs. ) Criminal No. 06-0388
)
)
KEVIN CARTER )
)
)

MEMORANDUM

Gary L. Lancaster,
District Judge.                                February 18, 2008

Defendant Kevin Carter moves the court to suppress certain items that were seized on two separate occasions: items seized by the Millvale Police Department from defendant's person as well as his vehicle on November 12, 2005; and items seized by the City of Pittsburgh Police from defendant's person on February 3, 2006. Defendant has standing to present this motion. The principal issue presented by defendant is whether the officers violated his Fourth Amendment rights during the two incidents.

The court has considered the evidence introduced at the suppression hearing held on February 8, 2008, and is prepared to rule.[1] For the following reasons, defendant's motion to suppress is denied.

---

[1] Defendant presented no facts at the hearing and did not dispute the facts presented by the government.

I. FINDINGS OF FACT

The credible evidence introduced at the hearing establishes the following:

On the afternoon of November 12, 2005, Officer John Koenig of the Millvale Police Department was conducting his regular patrol duties when he observed a silver Dodge vehicle, being driven by defendant, with a non-functioning rear break light and an air freshener hanging from the rear view mirror. Officer Koenig activated his lights and siren and the Dodge pulled over. As Officer Koenig exited his police vehicle, the Dodge fled and a high speed chase ensued. During the chase, defendant, inter alia, exceeded the speed limit for the residential area, traveled the wrong way on a one way street, and ultimately lost control of the vehicle. The Dodge finally came to an abrupt stop when it slammed into a cement barrier.

Defendant exited the smoking vehicle and attempted to flee. In doing so, defendant dropped a plastic bag containing several bundles of heroin. Officer Koenig and Officer Stepetich of the Reserve Township Police, who arrived at the scene as back-up, then arrested defendant and searched his person and vehicle. Officer Koenig seized $415.00 in cash and two cell phones from defendant's person. Officer Koenig seized the heroin dropped by defendant as well as heroin which was in plain view on the driver's side floor of the Dodge and on the ground outside the Dodge.

2

On February 3, 2006, Narcotics detectives were conducting an undercover drug operation in the Hazlewood section of the City of Pittsburgh. Undercover detective Novakowski met August DiRenna who agreed to call his heroin source and, unwittingly, to get heroin for the detective. Detective Novakowski agreed to pay $90.00 for one bundle of heroin and to go to Mr. DiRenna's residence at 5116 Second Avenue in Hazlewood to make the exchange.

Detectives Kolarac, also undercover, and Brian Nicholas waited in an unmarked van outside 5116 Second Avenue. Before meeting Mr. DiRenna at his home, Detective Novakowski conferred with Detectives Kolarac and Nicholas and serialized each of the bills in the $90.00 that would be used to pay for the heroin. Detectives Kolarac and Nicholas then observed Detective Novakowski enter the residence at 5116 Second Avenue.

While waiting at Mr. DiRenna's residence, a second individual, Lynn Morgavo, was also present and called the heroin source to see how soon he would be arriving. Ms. Morgavo informed Mr. DiRenna and Detective Novakowski that the source was "three minutes away." Shortly thereafter, Detective Novakowski observed defendant park his vehicle across the street from 5116 Second Avenue, exit his vehicle and attempt to cross the street. At that time, Mr. DiRenna directed Detective Novakowski to wait in the kitchen in the back of the residence because the source "doesn't like to see new faces." Detectives Kolarac and Nicholas also

3

observed defendant park and enter the residence at 5116 Second Avenue.

Detective Novakowski waited in the kitchen while he overheard Mr. DiRenna purchase heroin from the source. While Detective Novakowski could hear Mr. DiRenna speaking with the source, he did not actually witness the exchange. After the source exited, Detective Novakowski walked out from the kitchen to the front of the residence and observed defendant enter a Chevy Caprice and drive away. Detectives Kolarac and Nicholas also observed defendant exit 5116 Second Avenue and drive away in a Chevy Caprice. Once Detective Novakowski signaled that the deal was complete, Detective Nicholas put out a description of defendant's vehicle to other law enforcement with instructions to arrest defendant.

Police officers arrested defendant several blocks from 5116 Second Avenue. The officers seized two cellular phones and $796.00 in cash from defendant's person. Of the $796.00, $87.00 was separated from the rest of the cash and was the serialized money that Detective Novakowski had provided to Mr. DiRenna.

II. STATEMENT OF REASONS

The Fourth Amendment to the United States Constitution prohibits the government from conducting "unreasonable searches and seizures" of individuals. U.S. Const. Amend. IV. Except under limited circumstances, warrantless searches and seizures are per se

unreasonable under the Fourth Amendment. U. S. v. Ross, 456 U.S. 798, 824-25 (1982). Evidence obtained during the course of an unreasonable search and seizure can be suppressed and not admitted at trial. Wong Sun v. U. S., 371 U.S. 471 (1963).

A. November 12, 2005 Incident

Officer Koenig's initial stop of defendant's vehicle was lawful because defendant was driving with a non-functioning rear light, a violation of the Pennsylvania Motor Vehicle Code.[2] U.S. v. Mosley, 454 F.3d 249, 252 (3d Cir. 2006) (noting that the Supreme Court established a bright-line rule that any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime). Because defendant then attempted to flee twice, once with his car during which he committed additional traffic violations, Officer Koenig's arrest of defendant was lawful. See U.S. v. Laville, 480 F.3d 187, 189 (3d Cir. 2007).

Because the arrest was lawful, the search of defendant's person and his vehicle did not violate defendant's Fourth Amendment rights. Michigan v. DeFillippo, 443 U.S. 31, 35 (1979) ("Under the Fourth and Fourteenth Amendments, an arresting officer may, without a warrant[,] search a person validly arrested.")

---

[2] There was no evidence that the air freshener hanging from defendant's rear view mirror appeared to obstruct defendant's view in violation of 75 Pa. C.S.A. § 4524(c).

Warrantless searches and seizures of abandoned property do not violate the Fourth Amendment. See Abel v. U. S., 362 U.S. 217, 241 (1960) (an individual has no reasonable expectation of privacy in abandoned property). Accordingly, the seizure of heroin discarded by defendant while running from police was also lawful.

B.  February 3, 2006 Incident

"[T]he Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." DeFillippo, 443 U.S. at 36. "[P]robable cause exists when the totality of the circumstances within an officer's knowledge is sufficient to warrant a person of reasonable caution to conclude that the person being arrested has committed or is committing an offense." Laville, 480 F.3d at 189.

Based upon the facts presented at the hearing, the officers had probable cause to arrest defendant for violation of Pennsylvania law prohibiting the possession and/or distribution of a controlled substance. Within minutes of Lynn Morgavo informing Detective Novakowski and Mr. DiRenna that the heroin source was just "three minutes away," Detective Novakowski witnessed defendant park across the street from Mr. DiRenna's residence and attempt to cross the street. When the defendant approached the residence, Mr. DiRenna directed Detective Novakowski to the back of the house because the source "doesn't like to see new faces." Detectives

6

Kolarac and Nicholas also observed defendant enter the same residence that Detective Novakowski had entered for the purpose of purchasing heroin. Detective Novakowski overheard the exchange of money for heroin and observed defendant return to his vehicle immediately thereafter. The totality of the circumstances establishes that the officers had probable cause to believe defendant delivered the heroin to Mr. DiRenna. Accordingly, the arrest was lawful. The search of defendant's person was, therefore, incident to a lawful arrest and did not violate defendant's Fourth Amendment rights. See DeFillippo, 443 U.S. at 35.

III. CONCLUSION

The government has sustained its burden of proof in this instance. The credible evidence establishes that defendant's Fourth Amendment rights were not violated on November 12, 2005 or on February 3, 2006. Accordingly, defendant's motion to suppress is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record